# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| **JERRY LEWIS BOYD,** | C/A No. 4:09-078-HFF-TER |
| Petitioner, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| **CECILIA REYNOLDS,** | |
| Respondent. | |

Petitioner, Jerry Lewis Boyd ("Petitioner/Boyd"), appearing *pro se*[1], filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] on January 14, 2009. Respondent filed a motion for summary judgment on April 30, 2009, along with supporting memorandum. The undersigned issued an order filed May 1, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a motion for summary judgment on June 2, 2009.

## I. PROCEDURAL HISTORY

There has been no significant opposition filed as to the procedural history as set out by the Respondent, other than the issues presented in this petition. Therefore, the undisputed procedural

---

[1] It is noted that Petitioners filed a Notice of Change of Address with the Court on October 8, 2009, revealing that his current address is Watkins P.R.C., 1700 Saint Andrews Terrace Road, 7C-B Columbia, SC.

[2] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

history as set out in Respondent's memorandum will be discussed below.

**The 1st Guilty Plea**

The Greenville County Grand Jury indicted Petitioner at the July 2006 term of General Sessions for Habitual Traffic Offender (HTO) (2006-GS-23-5945) and at the October 2006 term for HTO (2006- GS-23-8777). Dorothy A. Manigault, Esquire represented Petitioner.

On February 15, 2007, Petitioner pleaded guilty as indicted before the Honorable Roger L. Couch, Circuit Court Judge. Judge Couch sentenced Petitioner to concurrent terms of three (3) years for each count of HTO. This was based on a recommendation of the State. Petitioner also had a probation violation which Judge Couch ran concurrent with the sentence. (Tr. 22). Petitioner did not file an appeal.[3]

**The 2nd Guilty Plea**

The Greenville County Grand Jury also indicted Petitioner at the August 2006 term of General Sessions for HTO (2006-GS-23-7203). Dorothy A. Manigault, Esquire also represented Petitioner on this charge.

On March 14, 2007, approximately one month after his pleas in front of Judge Couch,

---

[3] Facts as given at the first plea hearing:

On April 5 of 2006 in Greenville County, this defendant was driving on interstate 385 and was pulled over for a tag violation and broken taillight. He told the officer that he was driving with a suspended license, and it was determined that the defendant's license was suspended from 2004 through 2011, and he had been declared a habitual offender on January 24, 2006.
And the second incident, Your Honor, on November, excuse me, on September 6, 2006, here in Greenville county, this defendant was driving on Verdae Boulevard and was pulled over by an officer because his vehicle had not windshield or windows. The defendant was wearing goggles to protect his eyes. He was still under habitual offender status at that time. (Tr. 15).

Petitioner pleaded guilty as indicted before the Honorable C. Victor Pyle, Jr. The record of the plea reveals that counsel informed the court that the State had previously offered Petitioner a recommendation of concurrent sentences and a three year cap on this charge as well in February before the pleas before Judge Couch. However, Petitioner did not accept the offer at that time on this charge. (Tr. 29). Petitioner then decided to pleaded guilty to this charge. Upon Petitioner's guilty plea to this charge without recommendation, and after being informed of Petitioner's record, Judge Pyle sentenced Petitioner to five (5) years. Petitioner did not file an appeal from his guilty plea or sentence.[4] (Tr. 29).

**The PCR Action**

Petitioner filed an application for post-conviction relief (PCR) on May 11, 2007. Respondent made its return on June 22, 2007. An evidentiary hearing into the matter was convened on November 14, 2007, at the Greenville County Courthouse before the Honorable Edward Welmaker. (the PCR Court). Petitioner was present at the hearing and represented by Susannah C. Ross, Esquire. Karen C. Ratigan, Esquire of the South Carolina Office of the Attorney General represented Respondent.

Petitioner testified on his own behalf at the PCR hearing. Also testifying were Tina Harris and Petitioner's plea counsel, Dorothy Manigault, Esquire. The Court had before it a copy of the transcript of both guilty plea hearings, the records of the Greenville County Clerk of Court, the

---

[4] Facts as given at 2nd Guilty Plea hearing:

On June 20, 2006 in Greenville County this defendant was driving on Mauldin Road. He was pulled over for a tag violation. And because the driver-side door was missing, the fiberglass panel and exposed elements of the door making the vehicle unsafe. He had been declared HTO by the DMV and his license was suspended thorough 2011. That included a suspension on the date of the incident, June 20, 2006. (Tr. 28).

3

Petitioner's records from the South Carolina Department of Corrections, the application for postconviction relief, and the Respondent's Return to the PCR application.

In his PCR application, Petitioner alleged he was being held in custody unlawfully for the following reasons:

1. Ineffective assistance of counsel;

   a. Counsel erroneously told the Applicant that indictment 2006-GS-23- 7203 had been dismissed.

   b. Should have been able to dispose of all charges on the same date.

2. Subject matter jurisdiction

The PCR Court found and concluded Petitioner had not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. The PCR Court found and concluded counsel was not deficient in any manner, nor was Petitioner prejudiced by counsel's representation. Therefore, the application for PCR was denied and dismissed with prejudice. (Tr. 73-79).

Petitioner timely appealed from the denial of his application for post-conviction relief by way of a Johnson Petition to the South Carolina Supreme Court. Petitioner was represented in the appeal by Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner filed a *pro se* Response to the Johnson Petition. On December 4, 2008, the South Carolina Supreme Court, after careful consideration of the entire record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), denied the petition for certiorari and granted appellate counsel's request to withdraw from representation. The Remittitur was issued December 22, 2008.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raised the following challenges to his conviction, quoted verbatim:

Ground One: Ineffective Assistance of Counsel.

Supporting facts: Counsel failed to inform Applicant @ 02/15/07 hearing that he was facing charge of 2006-GS-23-7203 when he had been told by counsel that the charge had been dismissed in order for him to plead guilty to 2006-GS-23-5945 and -8777 charges. On 03/14/07, Applicant was hauled back into court to face the 2006-GS-23-7203 charge which violated his previous guilty plea deal of 02/15/07.

Ground Two: Subject Matter Jurisdiction

Supporting Facts: Applicant asked counsel did the State have subject matter jurisdiction to try this case on 03/14/2007 when on 02/15/07 @ that guilty plea hearing it was determined that 2006-GS-23-72-3 had been purportedly dismissed by the court or withdrawn from prosecution by the Office of the Solicitor for the Thirteenth (13th) Judicial Circuit.

(Habeas Petition).

### III. SUMMARY JUDGMENT

On April 30, 2009, the Respondent filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a motion for summary judgment on June 2, 2009.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Boyd filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in Green, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent (supreme court) which is controlling as to law and fact, then the writ of habeas corpus should issue; if no such controlling decision exists, the writ should issue only if the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

See also Fitzgerald v. Greene, 150 F.3d 357, 362 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 156 (4th Cir. 1998); Cardwell v. Greene, 152 F.3d 331, 339 (4th Cir. 1998). In Williams v. Taylor, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in Green, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wilson v. Moore, 999 F. Supp. 783 (D.S.C. 1998).

7

## V.  ARGUMENTS/FINDINGS

**Ground One**

In Ground One, Petitioner argues that his plea counsel was ineffective for failing to inform him at his plea hearing on February 15, 2007, that his charge in 2006-GS-23-7203 was not being dismissed when counsel had informed him that upon entering his guilty plea those charges would be dismissed. Instead, Petitioner asserts that after pleading guilty on February 15, 2007, he was taken back to court on March 14, 2007, to face the charges in 2006 GS-23-7203.

Respondent argues that Petitioner's entire habeas petition should be dismissed.  Respondent asserts that the state PCR judge's finding that Petitioner did not meet his burden for proving ineffective assistance of counsel is supported from the Plea and the testimony of plea counsel at the PCR hearing.  Respondent argues that the record reflects the PCR judge properly applied federal law to fairly determine facts fully supported by the record.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination .

9

. . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

A review of the PCR transcript reveals the PCR judge concluded the following with regard to the ineffective assistance of counsel issue:

In his application, the Applicant alleges he is being held in custody unlawfully for the following reasons:

    1.     Ineffective assistance of counsel;

         a.    Counsel erroneously told the Applicant that indictment 2006-GS-23-7203 had been dismissed.
         b.    Should have been able to dispose of all charges on the same date.

    2.     Subject matter jurisdiction.

. . .

The applicant stated he asked plea counsel about whether the State could pursue the third HTO charge, as he was in a parking lot when the officer stopped him. The Applicant stated that, before the February plea, plea counsel told him the State "must have dropped" the third HTO charge. The Applicant stated he believed his February guilty plea took care of all his outstanding charges. After the February plea, the Applicant stated plea counsel told him the State decided to go forward with the third HTO charge. The Applicant said he pled guilty at the March plea because he would have been convicted based on his prior record. The Applicant reiterated that he did not believe the third HTO charge-the subject of the March plea-was proper because he was arrested in a parking lot.

Tina Harris, the Applicant's former girlfriend and employee, stated plea counsel told the Applicant and herself that all three HTO charges would receive a recommended cap of three years. Harris testified plea counsel told the Applicant the State would probably drop the third HTO charge.

Plea counsel testified Applicant had been charged with resisting arrest and three counts of HTO. Plea counsel testified there was an August 2006 offer from the State for the Applicant to plead guilty to all three HTO charges in exchange for a recommendation of a three-year cap. Plea counsel testified the Applicant chose to plead guilty to two counts of HTO, but did not want to plead to the third count because he did not believe the police officer saw him on the street. Plea counsel testified the Applicant was adamant that he did not want to plead guilty to this third HTO charge. Plea counsel stated her discovery materials on the third HTO charge reflected the officer saw the Applicant on Mauldin Road before pulling him over. Plea counsel stated she never told Applicant that the State dropped the third HTO charge.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in her representation.

At both guilty plea hearings, the Applicant admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true. (February plea transcript, pp. 16-17; March plea transcript, p. 5). At both guilty plea hearings, the Applicant told the judge that he understood the trial rights he was waiving in pleading guilty, was fully satisfied with plea counsel, and had not been coerced in any way. (February plea transcript, pp. 6-8; p.11; March plea transcript, pp. 3-5).

This Court finds the Applicant failed to meet his burden of proving ineffective assistance of plea counsel. This Court finds the Applicant was aware the initial three-year plea offer from the State was to include all three HTO charges. This Court finds the Applicant chose not to plead guilty to the third HTO charge at the February plea, believing the charge was not valid. This Court finds plea counsel was correct in advising the Applicant that the HTO charge stemmed from police observing him operating a motor vehicle on a public roadway and that the charge was valid. See S.C.Code Ann. 56-1-1020 (Supp. 2006). This Court notes that plea counsel remarked at the March plea hearing that the Applicant did not want to plead guilty to all three charges in February and that the Applicant did not object to this statement. (March plea transcript, p. 6).

. . .

According, this Court finds the Applicant has failed to prove the first prong of the Strickland test. . . . This Court also finds the Applicant has failed to prove the second prong of Strickland . . . This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance . . .

11

(Tr. 74-77).

The undersigned concludes that the record supports the state PCR court's holding and it is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. A review of the plea transcript reveals that at the plea proceedings on February 15, 2007, the Clerk announced that they were there for "Indictment Number 2006-GS-23-5945, Jerry Lewis Boyd, indicted for habitual traffic offender pleading to the same. Indictment number 2006-GS-23-8777, indicted for habitual traffic offender pleading to the same. And they are both true bills." (Tr. 9). The Court then stated to Petitioner that "you're in front of me on two charges of habitual traffic offender. I will advise you that those particular charges carry up to five years in prison each. That means that I could sentence you to a total of up to ten years on the two offense that are before the court."  (Tr. 10). Petitioner stated that he understood. During the plea, the Court noted that Petitioner was "hesitating" so he had him back away and talk to his lawyer.  (Tr. 11). Subsequently, the following colloquy took place between plea counsel and the Court:

| | |
|---|---|
| Mrs. Manigault: | Your honor, he only has two habitual offenders, right? |
| Court: | That's the only two I have, I have. Is there another charge that he thought we were gonna be going over? |
| Mrs. Manigault: | Yes, sir. No, he just wanted to make sure it wasn't in there. |
| Court: | Oh, well, there was no another charge in there. |
| Mrs. Manigault: | That's right. |
| Court: Okay. | All right. That's fair enough. No, Mr. Boyd, I only have the two charges I told you about in front of me today. |

Petitioner:           Okay.

(Tr. 11-12).

Petitioner stated that he understood the charges contained in the indictments of both of the cases and that the court did not need to read those indictments to him. Petitioner testified that he wanted to plead guilty after being explained his rights. The Solicitor then gave the facts to the Court discussing the two charges of April 5, 2006, and September 5, 2006. Petitioner testified that he heard the solicitor state the facts in the two cases and that he agreed and wanted to plead guilty. Petitioner responded that he wanted to plead guilty, that no-one had promised him anything in return for his guilty plea, that he was satisfied with his attorney.

At the plea hearing on March 14, 2007, the Clerk noted in court that they were there on Indictment Number 2006-GS-23-7203, Jerry Lewis Boyd, indicted for Habitual Traffic Offender, pleading to the same. At the time of his March plea, Petitioner testified to the court that he had spoke with his attorney, Ms. Manigault, that he was satisfied with her services, that no-one had promised him a lighter sentence if he pleaded guilty, and that he was pleading guilty voluntarily and of his own freewill. Petitioner also testified that he understood the maximum sentence to be five years and that he did not want a jury trial. Petitioner testified that his attorney, Ms. Manigault, had fully explained all the rights he had to stand a jury trial, that his attorney had explained to him that he was giving up all those rights by pleading guilty, (Tr. 27). Petitioner testified that he wanted to plead guilty and knew what he was doing. (Tr. 28). The solicitor announced to the court that they were there for a June 20, 2006, arrest and described the incident. The following colloquy took place:

Ms. Manigault:     May it please the Court, your Honor. My client, Mr. Boyd, entered a plea, guilty plea, before Judge Couch on February 15, 2007, to two habitual traffic offender and a violation of probation case.

| | |
|---|---|
| Court: | When was that? |
| Ms. Manigault: | Last month. The 15th of February. |
| Court: | Okay. |
| Ms. Manigault: | He was offered a three year concurrent sentence on everything, including this charge. But he did not accept it at that time. What he's asking the Court to do today is if you would consider giving him the same sentence Judge Couch gave him on 2-15-07. |
| Court: | Okay. |
| Ms. Manigault: | Would you like his record, sir? |
| Court: | Please. |

(Tr. 29).

The undersigned concludes that the PCR Court's determination was supported by the record. It was announced several times in court exactly what he was pleading to each time and Petitioner stated he understood and wanted to plead guilty. Petitioner never informed the court that he wanted to plead to three HTOs at the same time. At the second plea hearing, Petitioner never stated to the court that he thought the third HTO was going to be dismissed for pleading guilty to the other two.

Even assuming, *arguendo,* that Petitioner's counsel was found to be ineffective with respect to these issues, Petitioner has not shown prejudice. Petitioner failed to show that he would not have pleaded guilty and would have insisted on going to trial at either one of the plea hearings.

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Hill and Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on this issue.

**Ground Two**

In Ground Two, Petitioner argues that the state did not have subject matter jurisdiction to try his case on March 14, 2007, as those charges had been "purportedly dismissed by the court or withdrawn from prosecution by the office of the Solicitor for the Thirteenth Judicial Circuit."

The undersigned recommends that this issue be dismissed. As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Therefore, the undersigned recommends that this ground be dismissed.[5]

---

[5] If Petitioner was attempting to raise this issue as an ineffective assistance of counsel issue for failing to advise him with regard to an alleged lack of subject matter jurisdiction as opposed to a direct claim of lack of subject matter jurisdiction, Respondent argues it would be procedurally defaulted. The undersigned agrees that if this issue were deemed as an attempt to raise it as an ineffective assistance of counsel issue, it would be procedurally defaulted in that Petitioner did not raise a claim at PCR that counsel was ineffective for failing to advise him that the 2nd plea court lacked subject matter jurisdiction.

If a Petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. at 750. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, 477 U.S. at 490-92. Furthermore, in the absence of cause and prejudice, the Petitioner must show that he is factually "actually innocent" in order to have his claim heard on collateral review. Bousley, 523 U.S. at 622-24. "To establish actual innocense, Petitioner must demonstrate that, 'in light of all the evidence,' it is

# VI. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #17) be GRANTED and Petitioner's petition for Writ of Habeas Corpus should be denied, and this Petition dismissed.

It is FURTHER RECOMMENDED for the reasons set forth above, that Petitioner's motion for summary judgment (doc.#21) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 29, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

more likely than not that no reasonable juror would have convicted him." Id. At 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)). In this case, Petitioner has not shown cause to overcome the procedural bar. Additionally, Petitioner entered a plea of guilty to the charge on March 14, 2007, stating that he was in fact guilty. "Absent clear and convincing evidence to the contrary, [petitioner] is bound by the representations made during his plea colloquy." Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001)(internal quotations and citations omitted). Therefore, it is recommended that any allegation as to ineffective assistance of counsel for failing to advise him concerning subject matter jurisdiction be dismissed.